T.C. Summary Opinion 2009-191


UNITED STATES TAX COURT


VIRGINIA AGOSTO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2693-07S.          Filed December 14, 2009.


Virginia Agosto, pro se.

<u>Kim A. Palmerino</u>, for respondent.


GOEKE, <u>Judge</u>:  This case is before the Court pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,991 in petitioner's Federal income tax for 2005. After concessions,[2] the issues for decision are: (1) Whether petitioner substantiated her reduction of gross income; (2) whether petitioner is entitled to deduct automobile and parking expenses; (3) whether petitioner is entitled to claim a $44,000 casualty loss; and (4) whether petitioner is entitled to additional miscellaneous itemized deductions.

## Background

At the time the petition was filed, petitioner was a resident of New York.

During 2005 petitioner owned two houses in New York and one house in Connecticut. Petitioner ran two businesses: (1) A tax return preparation business and (2) Agosto & Associates, a music production business. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, reporting gross income of $18,000, which all came from her tax preparation business. On her Schedule C, Profit or Loss From Business, petitioner reported $15,000 of losses from Agosto & Associates. Petitioner also

---

[2]Petitioner concedes that she received and failed to include in income $12,000 from her individual retirement account. Petitioner also concedes the sec. 72(t)(1) 10-percent additional tax of $1,200 on early withdrawal.

filed a Schedule E, Supplemental Income and Loss, claiming $60,000 of passive activity losses.

On November 2, 2006, respondent issued a notice of deficiency to petitioner disallowing the $60,000 passive activity loss to the extent it exceeded the $25,000 limit under section 469. On January 31, 2007, petitioner petitioned this Court contesting respondent's determination.

At trial petitioner produced a Form 1040X, Amended U.S. Individual Income Tax Return, decreasing her gross income from the tax return preparation business from $18,000 to $8,000, claiming a typographical error. Petitioner also claimed an additional $4,000 deduction for automobile and parking expenses from Agosto & Associates. Petitioner conceded the $60,000 passive activity loss claim but claimed a $44,000 casualty loss as a result of fire damage to property she owned in Connecticut. Petitioner stated that she had $8,379 of gain from the sale of property in New York and the $44,000 casualty loss, resulting in a net loss of $36,000. Respondent claims that because the $44,000 casualty loss was from rental activity, it should still be limited to $25,000 pursuant to section 469.

### Discussion

I. Reduction of Income

Petitioner reported $18,000 of gross income on her original Federal income tax return yet reduced that amount to $8,000 on

her amended return.  Petitioner stated that she was in poor health at the time she completed the original return and that she accidently put a number "1" in front of the $8,000.  As proof, petitioner stated that she deposited $5,624 into her account from her tax preparation business along with $2,250 in cash receipts from other clients.  We find petitioner's testimony credible.  Accordingly, on the basis of the record at trial, we find that petitioner's gross income was $8,000 in 2005.

II.  Automobile Expenses

At trial petitioner claimed a $4,116 deduction on her amended Schedule C for automobile expenses, contending that they were ordinary and necessary business expenses from Agosto & Associates.  Deductions are a matter of legislative grace, and the taxpayer must prove he is entitled to the deductions claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 162(a) generally allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  See Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).  However, deductions for travel and transportation expenses otherwise allowable under section 162(a) are subject to strict substantiation requirements.  See sec. 274(d)(1); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Expenses associated with travel, meals, and certain listed property defined in section 280F(d)(4), including passenger automobiles, computers, and cellular telephones, are subject to a heightened level of substantiation, requiring taxpayers to corroborate their statements with adequate records or sufficient other evidence establishing the amount, time, place, and business purpose of the expense. Sec. 274(d). In order to substantiate the amount of an automobile expense, the taxpayer must prove: (1) The amount of the expenditure (i.e., cost of maintenance, repairs, or other expenditures); (2) the amount of each business use and the amount of the vehicle's total use by establishing the amount of its business mileage and total mileage; (3) the time (i.e., the date of the expenditure or use); and (4) the business purpose of the expenditure or use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

The taxpayer may substantiate the mileage by "adequate records" or sufficient evidence that corroborates her statements. Sec. 274(d). To meet the adequate records requirement, the taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of the expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). An adequate record must be prepared or maintained in such a manner that each

recording of an element of an expenditure or use is made at or near the time of the expenditure or use. Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., supra. "'[M]ade at or near the time of the expenditure or use' means the elements of an expenditure or use are recorded at a time when, in relation to the use or making of an expenditure, the taxpayer has full present knowledge of each element of the expenditure or use". Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., supra.

Petitioner's only evidence consisted of receipts from gas stations. However, petitioner provided no other evidence of whether these trips were business or personal. She provided no travel log detailing trips that she made. Petitioner has not met the section 274(d) substantiation requirements and is not entitled to the claimed deductions.[3]

III. Casualty Loss

Petitioner claims a $44,000 casualty loss due to fire damage to her Connecticut property. Petitioner also claims an $8,379 gain from her sale of property in New York. The combination from both properties equals roughly $36,000 of net loss. Respondent does not contest the amount of the net loss but argues that because the Connecticut property was used in rental activity, the

---

[3]Petitioner also seeks to deduct payment of parking tickets. Such expenses are fines or penalties that are nondeductible, even if related to business. See sec. 162(f).

passive activity limitation limits the $44,000 casualty loss to $25,000.

Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. For individuals, section 165(c)(3) allows a taxpayer to deduct a loss from fire, storm, shipwreck, or other casualty, or from theft.

The section 469 passive activity loss rules disallow the current deduction of losses and credits from activities in which a given owner does not materially participate. Section 469(i) permits a passive activity loss up to $25,000 attributable to a rental real estate activity in which an individual actively participates. However, section 469 does not apply to all casualty and theft losses. Section 1.469-2(d)(2)(xi), Income Tax Regs., provides that certain casualty and theft losses are not passive activity deductions. This rule applies to any deduction for a loss from fire, storm, shipwreck, or other casualty, or from theft, as those terms are used in section 165(c)(3), if losses that are similar in cause and severity do not recur regularly in the conduct of the activity and the taxpayer sustains the loss during a taxable year beginning after December 31, 1989. Even though an activity is passive, casualty losses are permitted if the casualty requirements in section 165 are met. Because respondent has conceded that petitioner's property

sustained $44,000 of casualty loss and the passive loss limitation will not apply, petitioner is entitled to the $44,000 casualty loss.

IV.  Miscellaneous Itemized Deductions

Petitioner claimed on Schedule A, Itemized Deductions, of her amended return miscellaneous itemized deductions for unreimbursed employee business expenses totaling $4,114. Respondent reduced petitioner's expenses and miscellaneous deductions by $658.

The only evidence petitioner presented at trial was copies of miscellaneous receipts for medical expenses, which were subsequently returned to her.  Petitioner claims that these receipts were additional credits and expenses which she erroneously failed to report.  We do not find this explanation credible.  Petitioner does not meet the substantiation requirements of section 274, and her miscellaneous itemized deductions were properly reduced.

Accordingly, we conclude that:  (1) Petitioner's gross income was $8,000; (2) petitioner was not entitled to deduct automobile and parking expenses; (3) petitioner is entitled to the full $44,000 casualty loss; and (4) petitioner is not entitled to additional miscellaneous itemized deductions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.